UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

10 DEC -7 AM 11:43

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 2:10-cr-0026-JMS-CMM |
| v. | ) | |
| | ) | |
| JOSE VASQUEZ-SILVA, | ) | -01 |
|    a/k/a Luiz Lerma Silva, | ) | |
|    a/k/a Jaime, | ) | |
|    a/k/a Skinny, | ) | |
| PEDRO SAUL TRIGO-LOPEZ, | ) | -02 |
| RUBEN ECHAVARRIA, | ) | -03 |
|    a/k/a Julio Cesar Zamora, | ) | |
|    a/k/a Guatemala, | ) | |
| MARIO NOE AGUAYO-ASCAZAR, | ) | -04 |
|    a/k/a Nello, | ) | |
| MINDY WHITE, | ) | -05 |
| ANTHONY NAIL, | ) | -06 |
| ASHLEY N. THRASHER, | ) | -07 |
| JOHN M. GOOTEE, | ) | -08 |
|    a/k/a The Driver, | ) | |
| ROBBIE L. BURRIS, | ) | -09 |
|    a/k/a Country Guy, | ) | |
| ADAM R. LETT, | ) | -10 |
|    a/k/a Foot Guy, | ) | |
| JAMES G. DECKER, | ) | -11 |
| JEREMY D. MANDABACH, | ) | -12 |
|    a/k/a Tracks Guy, | ) | |
| HEIDI LOPEZ-JARRA, | ) | -13 |
| MELISSA M. SERRANO, | ) | -14 |
| WBALDO CORONADO RAMIREZ, | ) | -15 |
| ANTONIO RODRIGUEZ, | ) | -16 |
| EDDIE WAYNE GRISHAM, | ) | -17 |
| PABLO LNU, and | ) | -18 |
| CHARLENE CHAMBERS, | ) | -19 |
| | ) | |
| Defendants. | ) | |

## **INDICTMENT**

## **COUNT ONE**

The Grand Jury charges that:

Beginning in or around September, 2009, the exact date being unknown to the Grand Jury, and continuing up to and including December 7, 2010, in the Southern District of Indiana, Terre Haute Division, and elsewhere, JOSE VASQUEZ-SILVA, a/k/a Luiz Lerma Silva, a/k/a Jaime, a/k/a Skinny; PEDRO SAUL TRIGO-LOPEZ; RUBEN ECHAVARRIA, a/k/a Julio Cesar Zamora, a/k/a Guatemala; MARIO NOE AGUAYO-ASCAZAR, a/k/a Nello; MINDY WHITE; ANTHONY NAIL; ASHLEY N. THRASHER; JOHN M. GOOTEE, a/k/a The Driver; ROBBIE L. BURRIS, a/k/a Country Guy; ADAM R. LETT, a/k/a Foot Guy; JAMES G. DECKER; JEREMY D. MANDABACH, a/k/a Tracks Guy; PABLO LNU; and CHARLENE CHAMBERS did knowingly conspire together and with diverse other persons, known and unknown to the Grand Jury, to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## **OBJECTS OF THE CONSPIRACY**

The charged conspiracy had the following objects:

1. The distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance.

## **MANNER AND MEANS**

1. JOSE VASQUEZ-SILVA ("SILVA"), a resident of Chicago, Illinois and Washington, Indiana, coordinated the operation of a methamphetamine trafficking organization in western Indiana.

2. SILVA obtained his methamphetamine from PEDRO SAUL TRIGO-LOPEZ ("TRIGO"), a resident of Chicago, Illinois and other individuals unknown to the Grand Jury.

3. SILVA distributed methamphetamine to RUBEN ECHAVARRIA ("ECHAVARRIA"), MARIO AGUAYO-ASCAZAR ("ASCAZAR"), and other individuals.

4. ECHAVARRIA's girlfriend, MINDY WHITE ("WHITE") assisted ECHAVARRIA with the distribution of methamphetamine.

5. ECHAVARRIA distributed methamphetamine to ANTHONY NAIL ("NAIL"), ASHLEY THRASHER ("THRASHER"), JOHN GOOTEE ("GOOTEE"), ROBBIE BURRIS ("BURRIS"), ADAM LETT ("LETT"), JAMES DECKER ("DECKER"), JEREMY MANDABACH ("MANDABACH"); PABLO LNU; and CHARLENE CHAMBERS for redistribution.

6. Throughout the conspiracy, the defendants used telephones to facilitate the drug trafficking operation. The defendants spoke on telephones using code language to discuss their drug trafficking operation.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, that is to distribute methamphetamine, the members of the conspiracy did commit, among others, the following overt acts:

1. On or about January 14, 2010, NAIL delivered approximately one ounce of methamphetamine to an undercover police officer in the parking lot of the Wal-Mart store on State Road 57 in Washington, Indiana.

2. On or about January 19, 2010, NAIL delivered approximately two ounces of methamphetamine to an undercover police officer in Wheatland, Indiana.

3. On or about February 11, 2010, NAIL delivered approximately two and one-quarter ounces of methamphetamine to an undercover police officer in the parking lot of the Lowe's Home Improvement store in Vincennes, Indiana.

4. On or about June 28, 2010, ECHAVARRIA directed Wbaldo Coronado Ramirez, Antonio Rodriguez, and Eddie Wayne Grisham to break into a residence located at 13100 South U.S. Highway 41, Apartment 1, Pimento, Indiana and steal drug proceeds from one of ECHAVARRIA's methamphetamine distributors. ECHAVARRIA intended to use the stolen drug proceeds to pay TRIGO for previously fronted methamphetamine.

5. On August 26, 2010, WHITE and THRASHER delivered approximately one ounce of methamphetamine to an undercover police officer in Washington, Indiana.

6. On September 11, 2010, LETT asked WHITE to ask ECHAVARRIA to distribute methamphetamine to him. WHITE indicated that ECHAVARRIA did not have any methamphetamine.

7. On September 25, 2010, SILVA instructed ECHAVARRIA to cut a quantity of methamphetamine for future distribution.

8. On or about September 26, 2010, ECHAVARRIA fronted approximately twenty-three (23) grams of methamphetamine to GOOTEE for redistribution.

9. On September 27, 2010, SILVA directed ECHAVARRIA to collect drug proceeds and deposit them into TRIGO's bank account to pay for previously fronted methamphetamine.

10. On or about September 27, 2010, at SILVA's direction, ECHAVARRIA delivered approximately one-half ounce of methamphetamine to PABLO LNU for redistribution.

11.     On or about October 2, 2010, ECHAVARRIA fronted approximately one-half ounce of methamphetamine to DECKER for redistribution.

12.     On or about October 3, 2010, ECHAVARRIA delivered approximately four ounces of methamphetamine to BURRIS for redistribution. BURRIS paid ECHAVARRIA for previously fronted methamphetamine.

13.     On or about October 4, 2010, ECHAVARRIA delivered methamphetamine to DECKER at the Oak Grove Cemetery in Washington, Indiana.

14.     On or about October 8, 2010, ECHAVARRIA fronted approximately two ounces of methamphetamine to MANDABACH for redistribution.

15.     On or about October 18, 2010, at SILVA's direction, ECHAVARRIA delivered approximately one ounce of methamphetamine to ASCAZAR for redistribution. ASCAZAR attempted to cut the methamphetamine with approximately fourteen grams of a cutting agent.

16.     On or about October 21, 2010, TRIGO instructed SILVA to use force to steal drug proceeds from one of ECHAVARRIA's former methamphetamine customers.

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO

The Grand Jury further charges that:

Beginning in or around September, 2009, the exact date being unknown to the Grand Jury, and continuing up to and including December 7, 2010, in the Southern District of Indiana, Terre Haute Division and elsewhere, JOSE VASQUEZ-SILVA, a/k/a Luiz Lerma Silva, a/k/a Jaime, a/k/a Skinny; PEDRO SAUL TRIGO-LOPEZ; RUBEN ECHAVARRIA, a/k/a Julio Cesar Zamora, a/k/a Guatemala; MINDY WHITE; ANTHONY NAIL; ASHLEY N. THRASHER; HEIDI LOPEZ-JARRA; and MELISSA M. SERRANO, did knowingly conspire

together and with diverse other persons known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions affecting interstate commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, which transactions in fact involved the proceeds of specified unlawful activity, that is, trafficking in controlled substances, with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, the defendants did commit, among others, the following overt acts:

17. Overt Acts 1 through 16, as set forth in Count One, above, are incorporated as if set forth in full herein.

18. On August 19, 2010, ECHAVARRIA deposited $4,000 into a bank account maintained by TRIGO. The deposit occurred at the Salem, Illinois branch of Bank of America. TRIGO maintained the account in Chicago, Illinois.

19. On August 30, 2010, ECHAVARRIA deposited $1,500 into a bank account maintained by TRIGO. The deposit occurred at the Salem, Illinois branch of Bank of America. TRIGO maintained the account in Chicago, Illinois.

20. On August 30, 2010, ECHAVARRIA deposited $3,500 into a bank account maintained by TRIGO. The deposit occurred at the Salem, Illinois branch of Bank of America. TRIGO maintained the account in Chicago, Illinois.

21.     On September 17, 2010, ECHAVARRIA deposited $3,500 into a bank account maintained by TRIGO. The deposit occurred at the Salem, Illinois branch of Bank of America. TRIGO maintained the account in Chicago, Illinois.

22.     On or about September 25, 2010, WHITE transferred money to TRIGO via a money remitting service to pay for previously fronted methamphetamine.

23.     On September 27, 2010, SILVA directed ECHAVARRIA to collect drug proceeds and deposit them into TRIGO's bank account to pay for previously fronted methamphetamine.

24.     On September 29, 2010, SERRANO deposited $3,000 into a bank account maintained by TRIGO. The deposit occurred at the Salem, Illinois branch of Bank of America. TRIGO maintained the account in Chicago, Illinois.

25.     On November 4, 2010, HEIDI LOPEZ-JARRA deposited $3,900 into a bank account maintained by another individual. The deposit occurred at the Salem, Illinois branch of Bank of America.

All in violation of Title 18, United States Code, Section 1956 (h).

## COUNT THREE

The Grand Jury further charges that:

On or about January 14, 2010, within the Southern District of Indiana, Evansville Division, ANTHONY NAIL did knowingly distribute five (5) grams or more of methamphetamine (actual), a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

The Grand Jury further charges that:

On or about January 19, 2010, within the Southern District of Indiana, Terre Haute Division, ANTHONY NAIL did knowingly distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

The Grand Jury further charges that:

On or about February 11, 2010, within the Southern District of Indiana, Terre Haute Division, ANTHONY NAIL did knowingly distribute five (5) grams or more of methamphetamine (actual), a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

The Grand Jury further charges that:

On or about June 28, 2010, within the Southern District of Indiana, Terre Haute Division, RUBEN ECHAVARRIA, a/k/a Julio Cesar Zamora, a/k/a Guatemala; WBALDO CORONADO RAMIREZ; ANTONIO RODRIGUEZ; and EDDIE WAYNE GRISHAM did knowingly conspire to obstruct, delay, and affect commerce and the movement of articles and commodities in such commerce, by robbery, in that RUBEN ECHAVARRIA, a/k/a Julio Cesar Zamora, a/k/a Guatemala; WBALDO CORONADO RAMIREZ; ANTONIO RODRIGUEZ; and EDDIE WAYNE GRISHAM did unlawfully conspire to take or obtain personal property, that is, United States currency that constituted the proceeds of interstate methamphetamine trafficking activity, from the person or in the presence of a person located at 13100 South U.S. Highway 41, Apartment 1, Pimento, Indiana, against that person's will, by means of actual or threatened

force, or violence, or fear of injury, immediate or future, to said person, in violation of Title 18, United States Code, Section 1951.

### COUNT SEVEN

The Grand Jury further charges that:

On or about June 28, 2010, within the Southern District of Indiana, Terre Haute Division, RUBEN ECHAVARRIA, a/k/a Julio Cesar Zamora, a/k/a Guatemala; WBALDO CORONADO RAMIREZ; ANTONIO RODRIGUEZ; and EDDIE WAYNE GRISHAM did knowingly conspire to possess a firearm in furtherance of a crime of violence; to-wit, RUBEN ECHAVARRIA, a/k/a Julio Cesar Zamora, a/k/a Guatemala; WBALDO CORONADO RAMIREZ; ANTONIO RODRIGUEZ; and EDDIE WAYNE GRISHAM conspired to possess a .45 caliber Llama Mini Max semi-automatic pistol bearing serial number 71-04-11509-01 in furtherance of the offense described in Count Six of the Indictment, in violation of Title 18, United States Code, Sections 924(c) and (o).

### COUNT EIGHT

The Grand Jury further charges that:

On or about June 28, 2010, within the Southern District of Indiana, Terre Haute Division, ANTONIO RODRIGUEZ did possess a firearm in furtherance of a crime of violence; to-wit, ANTONIO RODRIGUEZ possessed a .45 caliber Llama Mini Max semi-automatic pistol bearing serial number 71-04-11509-01 in furtherance of the offense described in Count Six of the Indictment, in violation of Title 18, United States Code, Section 924(c).

### COUNT NINE

The Grand Jury further charges that:

On or about June 28, 2010, within the Southern District of Indiana, Terre Haute Division, ANTONIO RODRIGUEZ, being an alien who is illegally or unlawfully in the United States, did knowingly possess a firearm, which firearm had been shipped or transported in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(5).

### COUNT TEN

The Grand Jury further charges that:

On or about August 26, 2010, within the Southern District of Indiana, Evansville Division, MINDY WHITE and ASHLEY N. THRASHER did knowingly distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT ELEVEN

The Grand Jury further charges that:

On or about November 22, 2010, within the Southern District of Indiana, Terre Haute Division, JOSE VASQUEZ-SILVA, a/k/a Luiz Lerma Silva, a/k/a Jaime, a/k/a Skinny, being an alien, after having been removed from the United States to Mexico on or about March 27, 2004, from Nogales, Arizona, was present in the United States without the Attorney General of the United States having expressly given consent to the defendant's reapplying for admission into the United States.

All in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

### FORFEITURE

1. The allegations in Counts One, Four, Five, and Ten of this indictment are realleged as if fully set forth here, for the purpose of giving the defendants notice of the United

States' intent to seek forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

2. If convicted of any of the offenses set forth in Counts One, Four, Five, and Ten of this indictment, JOSE VASQUEZ-SILVA, a/k/a Luiz Lerma Silva, a/k/a Jaime; PEDRO SAUL TRIGO-LOPEZ; RUBEN ECHAVARRIA, a/k/a Julio Cesar Zamora, a/k/a Guatemala; MARIO NOE AGUAYO-ASCAZAR, a/k/a Nello; MINDY WHITE; ANTHONY NAIL; ASHLEY N. THRASHER; JOHN M. GOOTEE, a/k/a The Driver; ROBBIE L. BURRIS, a/k/a Country Guy; ADAM R. LETT, a/k/a Foot Guy; JAMES G. DECKER; and JEREMY D. MANDABACH, a/k/a Tracks Guy; defendants herein, shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offenses of which he or she is convicted, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses of which he or she is convicted.

3. Pursuant to Title 21, United States Code, Section 853(p), the court shall order the forfeiture of any other property of the defendants, up to the value of any property described in paragraph 2, if, by any act or omission of the defendants, the property described in paragraph 2, or any portion thereof:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty.

In keeping with the foregoing, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of all forfeitable property as described above in Paragraph 2.

4. If convicted of any of the offense set forth in this indictment, JOSE VASQUEZ-SILVA, a/k/a Luiz Lerma Silva, a/k/a Jaime; PEDRO SAUL TRIGO-LOPEZ; RUBEN ECHAVARRIA, a/k/a Julio Cesar Zamora, a/k/a Guatemala; MARIO NOE AGUAYO-ASCAZAR, a/k/a Nello; MINDY WHITE; ANTHONY NAIL; ASHLEY N. THRASHER; JOHN M. GOOTEE, a/k/a The Driver; ROBBIE L. BURRIS, a/k/a Country Guy; ADAM R. LETT, a/k/a Foot Guy; JAMES G. DECKER; and JEREMY D. MANDABACH, a/k/a Tracks Guy; defendants herein, shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any of the offenses of which he or she is convicted.

A TRUE BILL:

_____
FOREPERSON

JOSEPH H. HOGSETT
United States Attorney

By: _____
Bradley A. Blackington
Assistant United States Attorney